UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ANTONIO D. HARPER,

Petitioner,

v.

JEREMY BEAN,[1] et al.,

Respondents.

Case No. 2:26-cv-01335-ART-NJK

ORDER TO SHOW CAUSE

Antonio D. Harper filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. ECF No. 1. Mr. Harper paid the filing fee, and this matter is before the Court for an initial review under the Rules Governing Section 2254 Cases.[2] For the reasons explained below, the Court orders that Harper has **through May 28, 2026**, to show cause why his Petition should not be dismissed as wholly unexhausted.

Under Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases). The Court may also dismiss claims at screening for procedural defects. *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998).

A federal habeas court may not grant a state prisoner's petition for habeas

---

[1] Harper is incarcerated at High Desert State Prison (HDSP). *See* NDOC Inmate Search. Jeremy Bean is the current warden for that facility and, as custodian of Harper, is the proper respondent for this habeas action. *See* HHDSP Faciltiy. At the end of this Order, I request the Clerk of Court substitute Harper's current immediate custodian, Jeremy Bean, as the respondent in lieu of the Clark County Detention Center and the Attorney General of the State of Nevada. *See* Fed. R. Civ. P. 25(d).

[2] All references to a "Habeas Rule" or the "Habeas Rules" in this Order identify the Rules Governing Section 2254 Cases in the United States District Courts.

relief until the prisoner has exhausted available state remedies for all claims raised. *See* 28 U.S.C. § 2254(b); *Rose v. Lundy*, 455 U.S. 509, 522 (1982). To satisfy the exhaustion requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round" of either direct appeal or collateral proceedings to the highest state court level of review available. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999); *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003). The claim presented to the state courts must be the substantial equivalent of the claim presented to the federal court. *See Picard v. Connor*, 404 U.S. 270, 278 (1971).

Harper challenges a judgment of conviction entered by the Eighth Judicial District Court in Clark County Nevada, in Case No. C-25-390081-1. ECF No. 1 at 2. The Court takes judicial notice of the docket for Clark County Case No. C-25-390081-1, available at https://www.clarkcountycourts.us, which reflects that Harper pleaded guilty to robbery and battery by prisoner and on April 14, 2026, he was sentenced to an aggregate of five to 20 years imprisonment.

Harper's federal petition, filed on April 30, 2026, alleges claims of ineffective assistance of trial counsel in violation of the Sixth Amendment and a Fourteenth Amendment Due Process violation concerning the circumstances of his arrest. ECF No. 1 at 3–7.

This Court also takes judicial notice of the Clark County and Nevada Appellate Court records, available at https://nvcourts.gov, which reflect Harper has neither filed a direct appeal from the April 14, 2026 judgment in his state court case nor filed a state-postconviction petition based on that judgment.

It appears Harper has not exhausted in the state courts the claims he raises in his federal petition, but state-court remedies are still available to him. *See* NRS § 34.726(1) (stating that a postconviction petition for a writ of habeas corpus must be filed within one year after entry of the judgment of conviction when a direct appeal is not filed; *Edwards v. State*, 918 P.2d 321, 325 (1996) (explaining

2

NRAP 4(b) provides that "[i]n a criminal case, the notice of appeal by a defendant shall be filed in the district court within thirty (30) days after the entry of the judgment or order appealed from.").

Harper has not given the state courts one full opportunity to resolve the constitutional issues he raises in his federal petition by invoking one complete round of either direct appeal or collateral proceedings to the highest state court level of review available. Thus, Harper has **through May 28, 2026**, to show cause why his petition should not be dismissed without prejudice for failure to exhaust his state-court remedies before filing his federal petition.

It is therefore ordered that Petitioner Antonio D. Harper has **through May 28, 2026**, to show cause why his petition should not be dismissed without prejudice because of his failure to exhaust his claims in state court. Harper's showing of cause must be factually detailed, and must, where possible, be supported by exhibits.

It is further ordered that any failure by Harper to timely and fully comply with this Order will result in dismissal of this action without prejudice and **without further advance notice**.

It is further requested that the Clerk of Court substitute Harper's current immediate custodian, Jeremy Bean, as the respondent in lieu of the Clark County Detention Center and the Attorney General of the State of Nevada.

DATED THIS 7th day of May 2026.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE