UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANTONIO D. HARPER, Petitioner, v. JEREMY BEAN, et al., Respondents. | Case No. 2:26-cv-01335-ART-NJK ORDER |

Petitioner Antonio D. Harper, a Nevada state prisoner proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. ECF No. 1. This matter is before the Court following Harper's response (ECF No. 7) to the Court's orders to show cause why the petition should not be dismissed for failure to exhaust his claims in state court. ECF Nos. 3; 6. For the reasons discussed below, the Court dismisses Harper's petition without prejudice for failure to exhaust his claims in state court.

## I. Background

Harper challenges a judgment of conviction entered by the Eighth Judicial District Court in Clark County Nevada, in Case No. C-25-390081-1. ECF No. 1 at 2. The Court takes judicial notice of the docket for Clark County Case No. C-25-390081-1, available at https://www.clarkcountycourts.us, which reflects that Harper pleaded guilty to robbery and battery by prisoner and on April 14, 2026, he was sentenced to an aggregate of five to 20 years imprisonment. This Court takes judicial notice of the Clark County and Nevada Appellate Court records, available at https://nvcourts.gov, which reflect Harper has neither filed a direct appeal from the April 14, 2026, judgment in his state court case nor filed a state post-conviction petition based on that judgment.

Harper's federal petition alleges claims of ineffective assistance of trial counsel in violation of the Sixth Amendment and a Fourteenth Amendment Due

Process violation concerning the circumstances of his arrest. ECF No. 1 at 3–7.

## II. Discussion

The Court's show cause order explained that Harper's claims are subject to dismissal because they are wholly unexhausted. The Antiterrorism and Effective Death Penalty Act (AEDPA) requires petitioners to exhaust state court remedies before presenting claims to the federal courts. 28 U.S.C. § 2254(b)(1)(A); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

In his response to the show cause order, Harper asks this Court to allow his petition to proceed because (1) his state public defender should have filed a direct appeal; (2) his state public defender has provided no assistance with filing a state post-conviction petition; (3) it was Harper's understanding that he had only 30 days to file a state post-conviction petition or direct appeal from the April 14, 2026 judgment in his state court case; and (4) he lacks funds to file a state post-conviction petition. ECF No. 7 at 1–2.

Because Harper did not appeal his state conviction and sentence, he has failed to exhaust his freestanding Fourteenth Amendment Due-Process claim concerning the circumstances of his arrest. However, as explained in the show cause order, it appears that Harper still has time to file a state post-conviction petition to exhaust his ineffective assistance of counsel claims. *See* ECF No 3 at 2–3 (citing NRS § 34.726(1) (stating that, when a direct appeal is not filed, a postconviction petition for a writ of habeas corpus must be filed within one year after the entry of the judgment of conviction)). The Court notes that, despite Harper's statements in his response, a lack of funds is not an impediment to initiating a state post-conviction petition in Nevada. *See* NRS § 34.750.

The Court finds Harper has not given the state courts one full opportunity to resolve any of the constitutional issues he raises in his federal petition by invoking one complete round of either direct appeal or collateral proceedings to the highest state court level of review available. Accordingly, Harper's petition will

be dismissed without prejudice. Harper may file his petition in a new case following exhaustion of his claims in state court if he timely files that petition in accordance with 28 U.S.C. §2244(d)(1).

## III. Conclusion

It is therefore ordered that Petitioner Antonio D. Harper's Petition for a Writ of Habeas Corpus [Dkt. 1] is dismissed without prejudice for failure to exhaust state court remedies.

It is further ordered that, to the extent necessary, a certificate of appealability is denied because jurists of reason would not find it debatable whether the Court is correct in dismissing this action.

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 21st day of July 2026.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE